**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

*ELECTRONICALLY FILED*

**CIVIL ACTION NO.:  4:19-CV-155-JHM-HBB**

**RANDY BRANSON**                                                                    **PLAINTIFF**

**V.**

**ALLIANCE COAL, LLC and**
**WEBSTER COUNTY COAL, LLC**                                       **DEFENDANTS**

---

### ANSWER

---

The Defendant, Webster County Coal, LLC ("Webster County" or "Defendant"), for its Answer to the Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

The Plaintiff's Complaint, or some part of it, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Webster County denies the allegations in the unnumbered introductory paragraph of the Complaint.  Webster County denies the allegations in the headings throughout the Complaint.

1.      Webster County admits the allegation in numerical paragraph 1 of the Complaint that it is a wholly-owned subsidiary of Alliance Coal, LLC.  Webster County denies the remaining allegations in numerical paragraph 1 of the Complaint.

2.      Webster County denies the allegations in numerical paragraph 2 of the Complaint.

3.      Webster County denies the allegations in numerical paragraph 3 of the Complaint.

4.      Webster County denies the allegations in numerical paragraph 4 of the Complaint.

5.      Webster County denies the allegations in numerical paragraph 5 of the Complaint.

6.     Webster County denies the allegations in numerical paragraph 6 of the Complaint.

7.     Webster County denies the allegations in numerical paragraph 7 of the Complaint.

8.     The referenced statutes speak for themselves.   Webster County denies the allegations in numerical paragraph 8 of the Complaint.

9.     The referenced statute speaks for itself.  Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 9 of the Complaint and therefore denies those allegations.

10.     The referenced statute speaks for itself.  Webster County denies the allegations in numerical paragraph 10 of the Complaint.

11.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 11 of the Complaint and therefore denies those allegations.

12.     Webster County admits the allegations in numerical paragraph 12 of the Complaint that it is a for-profit limited liability company organized under the laws of Delaware with its principal office at 1717 South Boulder Avenue, Tulsa, Oklahoma 74119-4886 and that its agent for service of process in the Commonwealth of Kentucky is Cogency Global Inc., 828 Lane Allen Road, Suite 219, Lexington, Kentucky 40504.  Webster County denies the remaining allegations in numerical paragraph 12 of the Complaint.

13.     Webster County admits the allegations in numerical paragraph 13 of the Complaint that Alliance Coal, LLC is a for-profit limited liability company organized under the laws of Delaware with its principal office located at 1717 S. Boulder Avenue, Tulsa, Oklahoma 74119-4886 and that Alliance Coal, LLC's agent for service of process in the Commonwealth of

Kentucky is Cogency Global Inc., 828 Lane Allen Road, Suite 219, Lexington, Kentucky 40504. Webster County denies the remaining allegations in numerical paragraph 13 of the Complaint.

14.     The referenced case and statute speak for themselves.  Webster County denies the allegations in numerical paragraph 14 of the Complaint.

15.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 15 of the Complaint and therefore denies those allegations.

16.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 16 of the Complaint and therefore denies those allegations.

17.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 17 of the Complaint and therefore denies those allegations.

18.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 18 of the Complaint and therefore denies those allegations.

19.     Webster County denies the allegations in numerical paragraph 19 of the Complaint.

20.     Webster County admits the allegation in numerical paragraph 20 of the Complaint that it is a wholly-owned subsidiary of Alliance Coal, LLC.  Webster County denies the remaining allegations in numerical paragraph 20 of the Complaint.

21.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 21 of the Complaint and therefore denies those allegations.

22.     Webster County denies the allegations in numerical paragraph 22 of the Complaint.

23.     Webster County denies the allegations in numerical paragraph 23 of the Complaint.

24.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 24 of the Complaint and therefore denies those allegations.

25.     The referenced statute speaks for itself.  Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 25 of the Complaint and therefore denies those allegations.

26.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 26 of the Complaint and therefore denies those allegations.

27.     Webster County denies the allegations in numerical paragraph 27 of the Complaint.

28.     Webster County denies the allegations in numerical paragraph 28 of the Complaint.

29.     Webster County denies the allegations in numerical paragraph 29 of the Complaint.

30.     Webster County denies the allegations in numerical paragraph 30 of the Complaint.

31.     Webster County denies the allegations in numerical paragraph 31 of the Complaint.  Webster County denies the allegations in subsections (a)-(c) of numerical paragraph 31 of the Complaint.

32.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 32 of the Complaint and therefore denies those allegations.

33.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 33 of the Complaint and therefore denies those allegations.

34.     Webster County denies the allegations in numerical paragraph 34 of the Complaint.

35.     Webster County denies the allegations in numerical paragraph 35 of the Complaint.

36.     Webster County denies the allegations in numerical paragraph 36 of the Complaint.

37.     Webster County denies the allegations in numerical paragraph 37 of the Complaint.

38.     Webster County denies the allegations in numerical paragraph 38 of the Complaint.

39.     Webster County denies the allegations in numerical paragraph 39 of the Complaint.

40.     Webster County denies the allegations in numerical paragraph 40 of the Complaint.

41.     Webster County denies the allegations in numerical paragraph 41 of the Complaint.

42.     The referenced statute speaks for itself.  Webster County denies the allegations in numerical paragraph 42 of the Complaint.

43.     The referenced statute speaks for itself.  Webster County denies the allegations in numerical paragraph 43 of the Complaint.

44.     The referenced statute speaks for itself.  Webster County denies the allegations in numerical paragraph 44 of the Complaint.

45.     Webster County denies the allegations in numerical paragraph 45 of the Complaint.

46.     The referenced regulation speaks for itself.  Webster County denies the allegations in numerical paragraph 46 of the Complaint.

47.     Webster County denies the allegations in numerical paragraph 47 of the Complaint.

48.     Webster County denies the allegations in numerical paragraph 48 of the Complaint.

49.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 49 of the Complaint and therefore denies those allegations.

50.     The referenced benefits handbook speaks for itself.  Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 50 of the Complaint and therefore denies those allegations.

51.     The referenced paystub speaks for itself.  Webster County denies the allegations in numerical paragraph 51 of the Complaint.

52.     The referenced benefits handbook speaks for itself.  Webster County denies the allegations in numerical paragraph 52 of the Complaint.

53.     The referenced benefits handbook speaks for itself.  Webster County denies the allegations in numerical paragraph 53 of the Complaint.

54.     Webster County denies the allegations in numerical paragraph 54 of the Complaint.

55.     Webster County denies the allegations in numerical paragraph 55 of the Complaint.

56.     Webster County denies the allegations in numerical paragraph 56 of the Complaint.

57.     The referenced benefits handbook speaks for itself.  Webster County denies the allegations in numerical paragraph 57 of the Complaint.

58.     Webster County denies the allegations in numerical paragraph 58 of the Complaint.

59.     Webster County denies the allegations in numerical paragraph 59 of the Complaint.

60.     Webster County denies the allegations in numerical paragraph 60 of the Complaint.

61.     Webster County denies the allegations in numerical paragraph 61 of the Complaint.

62.     Webster County denies the allegations in numerical paragraph 62 of the Complaint.

63.     Webster County denies the allegations in numerical paragraph 63 of the Complaint.

64.     The referenced benefits handbook speaks for itself.  Webster County denies the allegations in numerical paragraph 64 of the Complaint.

65.     The referenced benefits handbook speaks for itself.  Webster County denies the allegations in numerical paragraph 65 of the Complaint.

66.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 66 of the Complaint and therefore denies those allegations.

67.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 67 of the Complaint and therefore denies those allegations.

68.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 68 of the Complaint and therefore denies those allegations.

69.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 69 of the Complaint and therefore denies those allegations.

70.     The referenced statute speaks for itself.  Webster County denies the allegations in numerical paragraph 70 of the Complaint.

71.     Webster County denies the allegations in numerical paragraph 71 of the Complaint.

72.     Webster County denies the allegations in numerical paragraph 72 of the Complaint.

73.     The referenced benefits handbook speaks for itself.  Webster County denies the allegations in numerical paragraph 73 of the Complaint.

74.     The referenced paystubs speak for themselves.   Webster County denies the allegations in numerical paragraph 74 of the Complaint.

75.     Webster County denies the allegations in numerical paragraph 75 of the Complaint.

76.     Webster County denies the allegations in numerical paragraph 76 of the Complaint.

77.     Webster County denies the allegations in numerical paragraph 77 of the Complaint.

78.     The referenced paystub speaks for itself.  Webster County denies the allegations in numerical paragraph 78 of the Complaint.

79.     Webster County denies the allegations in numerical paragraph 79 of the Complaint.

80.     Webster County denies the allegations in numerical paragraph 80 of the Complaint.

81.     The referenced paystub speaks for itself.  Webster County denies the allegations in numerical paragraph 81 of the Complaint.

82.     Webster County denies the allegations in numerical paragraph 82 of the Complaint.

83.     The referenced paystub speaks for itself.  Webster County denies the allegations in numerical paragraph 83 of the Complaint.

84.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 84 of the Complaint.

85.     The referenced paystub speaks for itself.  Webster County denies the allegations in numerical paragraph 85 of the Complaint.

86.     The referenced paystub speaks for itself.  Webster County denies the allegations in numerical paragraph 86 of the Complaint.

87.     Webster County denies the allegations in numerical paragraph 87 of the Complaint.

88.     Webster County denies the allegations in numerical paragraph 88 of the Complaint.

89.     The referenced paystubs speak for themselves.  Webster County denies the allegations in numerical paragraph 89 of the Complaint.

90.     Webster County denies the allegations in numerical paragraph 90 of the Complaint.

91.     Webster County denies the allegations in numerical paragraph 91 of the Complaint.

92.      Webster County denies the allegations in numerical paragraph 92 of the Complaint.

93.      Webster County denies the allegations in numerical paragraph 93 of the Complaint.

94.      Webster County denies the allegations in numerical paragraph 94 of the Complaint.

95.      Webster County denies the allegations in numerical paragraph 95 of the Complaint.  Webster County denies the allegations in subsection (a)-(d) of numerical paragraph 95 of the Complaint.

96.      Webster County denies the allegations in numerical paragraph 96 of the Complaint.

97.      The referenced consent speaks for itself.  Webster County denies the allegations in numerical paragraph 97 of the Complaint.

98.      Webster County denies the allegations in numerical paragraph 98 of the Complaint.

99.      Webster County denies the allegations in numerical paragraph 99 of the Complaint.

100.     Webster County denies the allegations in numerical paragraph 100 of the Complaint.

101.     Webster County denies the allegations in numerical paragraph 101 of the Complaint.

102.     The referenced law speaks for itself.  Webster County denies the allegations in numerical paragraph 102 of the Complaint.

103.     Webster County denies the allegations in numerical paragraph 103 of the Complaint.

104.     Webster County denies the allegations in numerical paragraph 104 of the Complaint.

105.     Webster County denies the allegations in numerical paragraph 105 of the Complaint.

106.     Webster County denies the allegations in numerical paragraph 106 of the Complaint.

107.     Webster County denies the allegations in numerical paragraph 107 of the Complaint.

108.     Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 108 of the Complaint and therefore denies those allegations.

109.     Webster County denies the allegations in numerical paragraph 109 of the Complaint.

110.     For its response to the allegations in numerical paragraph 110, Webster County incorporates by reference its responses to all preceding paragraphs.

111.     Webster County denies the allegations in numerical paragraph 111 of the Complaint.  Webster County denies the allegations in subsections (a)-(c) of numerical paragraph 111 of the Complaint.

112.     Webster County denies the allegations in numerical paragraph 112 of the Complaint.

113.    For its response to the allegations in numerical paragraph 113, Webster County incorporates by reference its responses to all preceding paragraphs.

114.    Webster County denies the allegations in numerical paragraph 114 of the Complaint.

115.    The referenced statutes speak for themselves.    Webster County denies the allegations in numerical paragraph 115 of the Complaint.

116.    The referenced statute speaks for itself.    Webster County denies the allegations in numerical paragraph 116 of the Complaint.

117.    Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 117 of the Complaint and therefore denies those allegations.

118.    Webster County denies the allegations in numerical paragraph 118 of the Complaint.

119.    The referenced statute speaks for itself.    Webster County is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 119 of the Complaint and therefore denies those allegations.

120.    Webster County denies the allegations in numerical paragraph 120 of the Complaint.

121.    Webster County denies the allegations in numerical paragraph 121 of the Complaint.

122.    Webster County denies the allegations in numerical paragraph 122 of the Complaint.

123.    Webster County denies the allegations in numerical paragraph 123 of the Complaint.

124.    Webster County denies all other allegations in the Complaint that it has not expressly admitted in this Answer.

## THIRD DEFENSE

The Plaintiff's claims are barred, in whole or in part, because Webster County acted in good faith and had reasonable grounds for believing that it acted properly with respect to the Plaintiff.

## FOURTH DEFENSE

The Defendant relies upon all applicable defenses that arise under or may be asserted pursuant to Federal Rule of Civil Procedure 23.

## FIFTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because Webster County acted in good faith in conformity with and reliance upon administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## SIXTH DEFENSE

Webster County relies upon the applicable statute of limitations and all other applicable defenses based on the lack of timeliness of the Plaintiff's claims, including the claims of the purported collective action and/or class members, as a bar to one or more of the Plaintiff's claims and the claims of the purported collective action and/or class members.

## SEVENTH DEFENSE

Some or all of the claims in the Plaintiff's Complaint are barred because there is no basis in law or fact for the respective claim or the relief requested.

## EIGHTH DEFENSE

Some or all of the claims in the Plaintiff's Complaint are barred by the doctrines of consent, waiver, estoppel, unclean hands and laches.

## NINTH DEFENSE

Webster County states that the Plaintiff and the purported collective action and/or class members are barred from any recovery in this case because the Plaintiff's and/or the purported collective action and/or class members' own acts and omissions were the direct and proximate cause of any and all injuries, losses or damages the Plaintiff and purported class members claim to have suffered.

## TENTH DEFENSE

One or more of the Plaintiff's and purported collective action and/or class members' claims are preempted and therefore barred.

## ELEVENTH DEFENSE

The Plaintiff's and purported collective action and/or class members' claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, setoffs, or credits under the Fair Labor Standards Act.

## TWELFTH DEFENSE

Webster County relies upon all defenses that may be asserted pursuant to the Fair Labor Standards Act and/or Kentucky's wage and hour laws.

## THIRTEENTH DEFENSE

To the extent the Plaintiff and purported collective action and/or class members failed to satisfy any conditions precedent that are necessary to maintain their claims, or failed to exhaust administrative remedies, their claims are barred.

### FOURTEENTH DEFENSE

The Plaintiff's and purported collective action and/or class members' claims are barred because of an intervening act or intervening acts by one or more third parties and/or because of a superseding cause.

### FIFTEENTH DEFENSE

Webster County relies upon the defense of failure to mitigate damages as a complete or partial bar to the Plaintiff's and purported collective action and/or class members' claims.

### SIXTEENTH DEFENSE

Webster County relies upon all defenses that may be asserted pursuant to the Portal to Portal Act.

### SEVENTEENTH DEFENSE

The Plaintiff's and the purported collective action and/or class members' claims are barred to the extent they failed to fulfill any of their obligations to Webster County.

### EIGHTEENTH DEFENSE

The Plaintiff's and purported collective action and/or class members' claims are barred to the extent they failed to satisfy all requisite conditions precedent to the filing of this action.

### NINETEENTH DEFENSE

The Plaintiff and the purported collective action and/or class members have failed to allege facts sufficient to constitute a claim for which attorneys' fees, punitive damages or costs may be awarded.

**TWENTIETH DEFENSE**

The Plaintiff's and purported collective action and/or class members' claims cannot be maintained because they have failed to allege facts sufficient to state a claim for general and/or compensatory damages, including, but not limited to, loss of wages or other economic damages against one or more Defendants.

**TWENTY-FIRST DEFENSE**

The Plaintiff's claims and any purported collective action and/or class member's claims may not be properly maintained as a collective action and/or class action because the Plaintiff cannot adequately represent the putative collective action and/or class.

**TWENTY-SECOND DEFENSE**

The Plaintiff's claims and any purported collective action and/or class member's claims may not be properly maintained as a collective action and/or class action because, among other reasons, individual issues predominate over common issues, and the putative collective action and/or class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

**TWENTY-THIRD DEFENSE**

The Plaintiff's claims and any purported collective action and/or class member's claims may not be properly maintained as a collective action and/or class action because the Plaintiff's claims are not typical of those of the putative collective action and/or class.

**TWENTY-FOURTH DEFENSE**

The Plaintiff's claims and any purported collective action and/or class member's claims may not be properly maintained as a collective action and/or class action because the putative collective action and/or class is not so numerous that joinder of all members is impractical.

**TWENTY-FIFTH DEFENSE**

The Plaintiff's claims are barred, in whole or in part, to the extent that any allegedly uncompensated time or unpaid wages fall within the *de minimis* doctrine.

## TWENTY-SIXTH DEFENSE

The Plaintiff's claims are barred in whole or in part, to the extent the Plaintiff failed to mitigate his damages to the extent he failed to avail himself of the reporting mechanisms and open door policies.

## TWENTY-SEVENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because Webster County exercised reasonable care to prevent, investigate, and promptly correct any alleged violations of law or policy, and the Plaintiff failed to avail himself of these preventative measures and corrective opportunities or otherwise avoid harm.

## TWENTY-EIGHTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because any recovery from Webster County would result in the unjust enrichment of the Plaintiff.

## TWENTY-NINTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, to the extent the Plaintiff sustained any damages, although such is specifically denied, because Webster County is entitled to an offset for all obligations of the Plaintiff for any payment he received for hours he did not work and/or for other compensation he received to which he was not entitled.

## THIRTIETH DEFENSE

The Plaintiff is not entitled to a jury trial as to any equitable issues raised in the Complaint.

## THIRTY-FIRST DEFENSE

Webster County is not and was not the employer of purported members of the putative collective action and/or class action.

### THIRTY-SECOND DEFENSE

The Plaintiff and the purported members of any putative collective action or class action have received full payment for all work performed, if any, for Webster County.

### THIRTY-THIRD DEFENSE

The Plaintiff's claims for damages are barred to the extent the forms of relief sought are duplicative of each other.

### THIRTY-FOURTH DEFENSE

Even if the Plaintiff, or any members of any putative collective action or class action, were not paid for all activities performed while / if employed by Webster County, which Webster County denies, such activities do not constitute compensable work under the Fair Labor Standards Act, and furthermore, such activities were not integral and indispensable parts of the principal activities of employment and are not compensable.

### THIRTY-FIFTH DEFENSE

Part or all of the time the Plaintiff alleges should be paid to him and the group of persons he purports to represent, is preliminary and postliminary time under the Portal-to-Portal Act and therefore not compensable.

### THIRTY-SIXTH DEFENSE

The Plaintiff's claims for unpaid wages on his behalf and on the behalf of any putative class action and/or collective action members he purports to represent are barred because the Plaintiff and members of any putative class action and/or collective action failed to meet the conditions precedent for the payment of such wages.  These claims are barred to the extent that

Webster County did not have actual or constructive knowledge of any purported unpaid overtime or off-the-clock work allegedly performed by the Plaintiff or any putative class action and/or collection action member.

## THIRTY-SEVENTH DEFENSE

The claims of any member of any putative class or collective action are barred, in whole or in part, to the extent they executed individual release agreements in exchange for good and valuable consideration paid to them.

## THIRTY-EIGHTH DEFENSE

Webster County denies that this action can be maintained as a collective or class action and further denies that Plaintiff can establish the existence of each of the requirements necessary to obtain certification of an FLSA collective action or to justify issuance of notice.

## THIRTY-NINTH DEFENSE

The Plaintiff's collective or representative action allegations lack sufficient factual basis and particularity to sustain a claim with respect to Alliance Coal, LLC.

## FORTIETH DEFENSE

Alliance Coal, LLC is not a proper party to this matter as it is not the Plaintiff's employer as that term is defined and construed under the FLSA and Kentucky law.

## FORTY-FIRST DEFENSE

Notice of the alleged collective action and/or class action, as defined by the Plaintiff, the existence of which is expressly denied, would be a violation of Webster County's due process rights.

## FORTY-SECOND DEFENSE

The Plaintiff cannot satisfy the requirements of a collective action and/or class action, and some or all of the claims asserted in the Complaint are barred because the Plaintiff is not similarly situated to the group of individuals as defined by the Plaintiff, and/or members of the group of individuals as defined by the Plaintiff are not similarly situated to each other.

**FORTY-THIRD DEFENSE**

The Plaintiff and/or purported members of the alleged collection action and/or class action, the existence of which are expressly denied, are not entitled to some or all of the relief requested in the Complaint because, even if any unlawful act or omission occurred, which Webster County expressly denies, Webster County cannot be held vicariously liable for alleged misconduct that is contrary to Webster County's express policies, procedures and good faith efforts to comply with applicable laws and/or regulations.

In asserting the aforementioned affirmative defenses, Webster County does not assume any burden of production or proof that it would not otherwise have.  Webster County reserves the right to assert any additional affirmative defenses not presently known but which become apparent hereafter.

**WHEREFORE**, having fully answered, Webster County prays:

1.	That the Court dismiss the Plaintiff's Complaint with prejudice;

2.	That the Court enter judgment in favor of the Defendants;

3.	That Webster County recover from the Plaintiff all costs and expenses incurred in this action, including, but not limited to, expert witness fees and expenses and reasonable attorneys' fees and expenses; and

4.	That the Court award Webster County all other relief to which it is entitled

Respectfully submitted,

/s/ *Kif H. Skidmore*
Richard G. Griffith
Elizabeth S. Muyskens
Kif H. Skidmore
Stoll Keenon Ogden PLLC
300 West Vine Street - Suite 2100
Lexington, KY  40507-1801
Telephone:  (859) 231-3626
Fax:  (859) 259-3526
richard.griffith@skofirm.com
elizabeth.muyskens@skofirm.com
kif.skidmore@skofirm.com

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2020, the foregoing ANSWER was filed electronically and Notice of this filing will be sent to the following by operation of the Court's electronic filing system:

Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY  42431
Phone:  (270) 213-1303
Mfoster@MarkNFoster.com
COUNSEL FOR PLAINTIFF

/s/ *Kif H. Skidmore*
COUNSEL FOR DEFENDANTS

011742.165338/8097716.1