UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:19-CV-00155-JHM**

**RANDY BRANSON, ET AL.**                                                                 **PLAINTIFFS**

**V.**

**ALLIANCE COAL, LLC,
ALLIANCE RESOURCE PARTNERS, L.P.,
ALLIANCE RESOURCES OPERATING PARTNERS, L.P.,
WEBSTER COUNTY COAL, LLC,
WARRIOR COAL, LLC, and
RIVER VIEW COAL, LLC,**                                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for reconsideration [DN 191]. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiffs' Motion is GRANTED.

**I. BACKGROUND**

Plaintiffs allege that three Alliance coal mines in western Kentucky systemically underpaid their employees for several years. [DN 23]. Employees of these coal mines brought this collective action under the Fair Labor Standards Act (FLSA) and a class action under the Kentucky Wage and Hour Act (KWHA) to recover unpaid wages and overtime. [*Id.*].

On March 17, 2021, this Court denied Defendant Alliance Resource Operating Partners' ("AROP") Motion to Dismiss for lack of Personal Jurisdiction, but granted limited discovery on the issue of personal jurisdiction solely concerning the relationship between AROP and its parent company, Alliance Resource Partners, L.P. ("ARLP"). [DN 150]. In that same order, however, this Court prohibited jurisdictional discovery into the relationship between AROP and its subsidiaries: Webster County Coal, LLC; Warrior Coal, LLC; and River View Coal, LLC. [*Id.*].

Now Plaintiffs Randy Branson, et al. have filed a Motion for reconsideration of that order, asking to expand jurisdictional discovery into the relationship between AROP and its subsidiaries. Plaintiffs also request an extension of the discovery deadline by 90 days. [DN 191].

Plaintiffs argue that the availability of new evidence supports a decision to grant the Motion for reconsideration. Specifically, Plaintiffs list a series of revelations from the deposition of R. Eberly Davis, AROP's corporate designee, and argue that these findings show that AROP and its subsidiaries are so intertwined as to be essentially one entity for purposes of personal jurisdiction. The most relevant of these allegations which Plaintiffs now raise are: (1) that AROP holds most of the bank accounts in the Alliance organization and, as Alliance's holding company, funds the operations of the subsidiary coal mines; (2) that purchasers of coal from the subsidiary coal mines send payment directly to AROP; (3) that Mr. Davis, who is responsible for the day-to-day business decisions of AROP, is responsible for health benefits and workers' compensation for the subsidiaries of Alliance; (4) that the officers of AROP's Managing General Partner—MGP II LLC—also serve as officers for the subsidiaries; and (5) that two of these officers, Mr. Davis and Mr. Craft, have offices and residences in the Commonwealth of Kentucky. [DN 191].

## II. STANDARD OF REVIEW

Motions to alter or amend a judgment are generally granted for three principal reasons: if (1) there has been an intervening change in controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004); Fed. R. Civ. P. 59(e). Motions for reconsideration are not meant to be used to re-litigate issues previously presented or to re-argue a case. *Owens v. Liberty Life Assur. Co.*, No. 4:15-CV-00071-JHM-HBB, 2016 WL 4499098, at *3 (W.D. Ky. Aug. 26, 2016); *see Sault Ste. Marie Tribe*

*of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Additionally, as this Court has stated before, such motions are not an opportunity to present evidence or legal arguments "which could have been, but were not, raised [earlier]," or "for the losing party to offer additional arguments in support of its position." *Owensboro Grain Co., LLC v. AUI Contr., LLC*, No. CIV.A. 4:08CV-94-JHM, 2009 WL 650456, at *2 (W.D. Ky. Mar. 10, 2009); *Elec. Ins. Co. v. Freudenberg-Nok, Gen P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007).

### III. DISCUSSION

Plaintiffs' newly uncovered evidence—specifically the assertions regarding AROP holding most of the bank accounts in the Alliance organization, receiving the payments from coal purchasers, and AROP's role in overseeing health benefits and worker's compensation among the subsidiaries—is sufficient to grant further discovery.  Most of these new revelations were not available to Plaintiffs previously, thus further inquiry at this juncture is permissible under *Rodriguez*.

While Plaintiffs' new evidence learned from Mr. Davis's deposition, without more, may not satisfy the alter-ego tests under federal and state law, this evidence is more than sufficient to allow Plaintiffs to discover more information about AROP's relationship with its subsidiaries. The fact that AROP receives the payments for coal purchases from the subsidiary mines suggests that AROP is more closely intertwined with Alliance's Kentucky coal mines than previously thought. Expanded jurisdictional discovery into this relationship will better aid the Court in determining whether it can be characterized as one of "unity of interest and ownership" under the federal standard and whether it rises to the level of "dominance" or "a high degree of control" under the Kentucky standard.  See *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 849 (6th Cir. 2017); *Inter-Tel Techs., Inc. v. Linn Station Prop., LLC*, 360 S.W.3d 152, 155, 164 (Ky. 2012).

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' (Randy Branson, et al.'s) Motion for reconsideration [DN 191] is GRANTED, and their request for an extension of the discovery deadline is GRANTED.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

October 21, 2021

cc: counsel of record