UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:19-CV-00155-JHM-HBB


RANDY BRANSON;
DANIEL CUNNINGHAM; and
ALTON JOSEPH NEWBERRY
*On Behalf of Themselves &*
*All Others Similarly-Situated*                                                                    PLAINTIFFS

V.

ALLIANCE COAL, LLC;
WEBSTER COUNTY COAL, LLC;
ALLIANCE RESOURCE PARTNERS, LP;
ALLIANCE RESOURCE OPERATING PARTNERS, LP;
WARRIOR COAL, LLC; and
RIVER VIEW COAL, LLC                                                                    DEFENDANTS


## MEMORANDUM OPINION
## AND ORDER

Before the Court is the Defendants' motion to strike the first entry on opt-in plaintiff

Dwight Scott McBride's deposition errata sheet (DN 266).  Plaintiffs have responded (DN 270),

and Defendants replied (DN 272).

### NATURE OF THE CASE

Plaintiffs allege that three coal mines in western Kentucky systemically underpaid their

employees for several years (DN 23).  Employees of these coal mines brought this collective action

under the Fair Labor Standards Act ("FLSA") and a class action under the Kentucky Wage and

Hour Act ("KWHA") to recover unpaid wages and overtime (Id.).

### DEFENDANTS' MOTION

On February 18, 2022, the Defendants deposed opt-in plaintiff Dwight Scott McBride.  On

April 19, 2022, Plaintiffs served the Defendants with an errata sheet for the deposition transcript.

In that errata sheet McBride made three entries (DN 266-1).  Defendants claim that two of these entries correct typographical errors, but the third makes substantive changes to his testimony (Id.). The deposition testimony in question appears at page 18, lines 3-4; page 51, lines 2-3; and page 108, line 17 (Id.).  The deposition testimony, including the questions, was as follows:

> Q.  Do you claim that Warrior Coal owes you any overtime?
>
> Mr. Vines:   Objection to the extent you're calling for a legal conclusion.  Complaint speaks for itself.
>
> Q.  Go ahead, Mr. McBride.
>
> A.  I believe they owe me for being there 15 minutes early each day that I was there.

(DN 266-2, pp. 3-4; Tr. p. 17, ln. 22–p. 18, ln. 4).

> Q.  Okay.  And are you seeking compensation for anything other than the alleged 15 minutes early that you claim you were required to be there?
>
> Mr. Vines:   Objection, calls for a legal conclusion.   Complaint speaks for itself.
>
> Q.  Go ahead, Mr. McBride.
>
> A.  That's – that's all I'm complaining about, yes.

(Id. at pp. 5-6; Tr. p. 50, ln. 20–p. 51, ln. 3).

> Q.  And are you complaining in this lawsuit about the time at the end or your shift or is it just the 15 minutes before your shift that you're complaining about?
>
> Mr. Vines:  Objection, that's stated in the complaint.  You're asking a lay witness about –
>
> Ms. Muyskens:  You've made your objection, Lane.  I heard it.
>
> Q.  Go ahead, Mr. McBride.
>
> A.  Yeah, just 15 minutes prior."

(Id. at p. 7, Tr. p. 108, ln. 7-17).

In regard to this testimony, Mr. McBride's errata sheet sets forth the following change:

> Add:   The claims alleged in this litigation include Defendants' failure to fully pay for both pre-shift and post-shift work by the miners, as well as Defendants' failure to property [*sic*] to calculate and pay for overtime and bonuses, among other things.   The operative Complaint speaks for itself.

(DN 266-1).  The reason for the change was stated as "Misunderstood question/clarify response" (Id.).

Defendants assert that, while Fed. R. Civ. P. 30(e)(1) permits a deponent to review a deposition and sign a statement listing any changes in form or substance along with a reason for making them, decisions from the Sixth Circuit and District Courts within the circuit consistently prohibit using an errata sheet to make substantive changes to deposition testimony (DN 266, p. 5). Here, Defendants contend that Mr. McBride testified that he sought compensation from Warrior Mine for 15 minutes preceding the beginning of his shifts and Plaintiffs seek to use the errata sheet to add entirely new testimony to each response that both expands upon and contradicts the testimony (Id. at pp. 5-6).  They also argue that there was no indication that Mr. McBride did not understand the question in that he did not express any confusion or ask that the question be repeated (Id. at p. 7).  To the contrary, they observe that he "fully answered each of Defendants' counsel's questions without qualification" (Id.).

## PLAINTIFFS' RESPONSE

In responding to Defendants' motion, the Plaintiffs contend the questions which elicited the testimony were improper because they sought legal conclusions from a lay witness (DN 270, pp. 5-7).  Next Plaintiffs argue that ruling on the errata sheet changes should be deferred until the case arrives at the summary judgment motion phase, so the issue can be addressed as part of determining the factual record (Id. at pp. 7-8).  Plaintiff's third argument is that the errata sheet

3

does not contradict Mr. McBride's testimony; rather, it only supplements his testimony and the original answer will remain as part of the record subject to use both pre-trial and at trial (<u>Id.</u> at pp. 8-11). Finally, Plaintiffs contend that Mr. McBride cannot waive his claims under FLSA and, as such, Defendants should not be permitted lure him into testifying to that effect (<u>Id.</u> at p. 11).

<u>DISCUSSION</u>

Fed. R. Civ. P. 30(e)(1) provides that "[o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." The Rule does not define what constitutes a change in "form or substance." The Sixth Circuit has indicated that Rule 30(e)(1) does not permit changes to what was said under oath. <u>Trout v. FirstEnergy Generation Corp.</u>, 339 F. App'x 560, 566 (6th Cir. 2009). Otherwise, "[i]f that were the case, one could merely answer the questions with no thought at all[], then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination." <u>Id.</u> (quoting <u>Tuttle v. Tyco Elecs. Installation Servs. Inc.</u>, No. 2:06-cv-581, 2008 U.S. Dist. LEXIS 12307, *4 (S.D. Ohio Feb. 7, 2008)).

A majority of courts in the Sixth Circuit have interpreted <u>Trout</u> to provide that errata sheets can only be used to correct typographic and transcription errors, not to make substantive changes to deposition testimony. Decisions within this judicial district have consistently followed this interpretation. *See e.g.* <u>Blount v. Stanley Eng'g Fastening</u>, No. 5:19-CV-00109-JRW-LLK, 2020 U.S. Dist. LEXIS 155013 (W.D. Ky. Aug. 26, 2020); <u>Borum v. Smith</u>, No. 4:17-CV-00017-JHM, 2020 U.S. Dist. LEXIS 57140 (W.D. Ky. April 1, 2020); <u>Simpson v. Xerox Educ. Servs., LLC</u>, 3:17-CV-76-JRW-CHL 2020 U.S. Dist. LEXIS 36475 (W.D. Ky. Mar. 3, 2020); <u>Caudill See &</u>

4

Warehouse Co., Inc. v. Jarrow Formulas, Inc., No. 3:13-CV-82-CRS, 2019 U.S. Dist. LEXIS 54188 (W.D. Ky. Mar. 29, 2019); Ramirez v. Bolster & Jeffries Health Care Grp., LLC, No. 1:12-CV-205-GNS-HBB, 2016 U.S. Dist. LEXIS 101690 (W.D. Ky. Aug. 3, 2016).

Contrary to Plaintiffs' contention that ruling on the motion should be deferred until the summary judgment phase, it is appropriate to resolve a challenge to an errata sheet before the court moves on to dispositive rulings. *See* Morgan v. Cent. Baptist Church of Oak Ridge, No. 3:11-CV-124-TAV-CCS, 2013 U.S. Dist. LEXIS 202769, *34 (E.D. Tenn. Dec. 5, 2013). Defendants assert that the questions which elicited the testimony are objectionable. Indeed, counsel voiced an objection to each question on the record. An errata sheet, however, is not a means by which to further contest a question by changing the answer, nor does an errata sheet provide the opportunity to challenge the legal sufficiency of a question or the legal import of an answer.

Here, there is no contention that the court reporter incorrectly recorded the response. While the reason for the errata addition was stated as "misunderstood question/clarify response," there is no indication that Mr. McBride did not understand the question. Indeed, he was asked the same question three different times and gave the same response each time. More accurately, he simply did not give the response his counsel would have preferred. The proffered addition in the errata sheet substantively changes that testimony to the preferred version. Where an errata sheet does more than attempt to correct typographical errors and substantively changes answers that were provided at a deposition, the errata sheet is subject to being stricken. James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC, No. 5:11-374-DCR, 2014 U.S. Dist. LEXIS 59689, *12 (E.D. Ky. April 30, 2014).

<u>ORDER</u>

**WHEREFORE**, the Defendants' motion (DN 266) is **GRANTED**.  The first entry on opt-in plaintiff Dwight Scott McBride's deposition errata sheet is **STRICKEN**.

H. Brent Brennenstuhl
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

June 29, 2022

Copies:        Counsel of Record

6