UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

RANDY BRANSON, *et al.*                                                    Plaintiffs

v.                                        Case No. 4:19-cv-155-RGJ-HBB

ALLIANCE COAL, LLC, *et al.*                                         Defendants

### MEMORANDUM OPINION & ORDER

Plaintiffs[1] are coal miners who allege that Defendants[2] required them to work pre- and post-shift without due compensation. [DE 340-1 at 4854]. The parties now jointly move for preliminary approval of a settlement for a proposed class. [DE 340]. For the following reasons, the parties' joint motion [DE 340] is **GRANTED in part** and **DENIED in part**. A final approval hearing is scheduled for October 23, 2025. [DE 343].

### I. BACKGROUND

Defendants are businesses in the natural resources industry. [DE 340-1 at 4853]. Many of them operate or operated coal mines in Kentucky, Illinois, Indiana, and West Virginia. [*Id.*]. According to the parties' joint motion:

> Plaintiffs alleged that Defendants acted as joint employers and violated wage and hour laws when they required the coal miners to work off-the-clock pre- and post-shift, thereby being denied proper compensation including gap time and overtime wages. Plaintiffs also alleged that Defendants failed to incorporate bonuses paid into miners' regular rate of pay for purposes of overtime.

---

[1] Plaintiffs are Randy Branson, Daniel Cunningham, Alton Joseph Newberry, Freddie Brewer, Andrew Johnson, Shane Alexander, Rickey Cates, Walter Rettig, Broderick Hinkle, Kory Leedy, Brian Prater, Jacob Hood, and Eric Thompson. [DE 328 at 4577].

[2] Defendants are Alliance Coal, LLC; Alliance Resource Partners, L.P.; Alliance Resource Operating Partners, L.P.; Alliance Resource Management GP, LLC; Webster County Coal, LLC; Warrior Coal, LLC; River View Coal, LLC; Excel Mining, LLC; MC Mining, LLC; Sebree Mining, LLC; Hopkins County Coal, LLC; Gibson County Coal, LLC; Mettiki Coal (WV), LLC; Tunnel Ridge, LLC; Hamilton County Coal, LLC; White County Coal, LLC; Thomas Wynne; and Layne Herring. [DE 328 at 4577].

[*Id.* at 4854]. Plaintiffs initially filed six separate actions across the four states where Defendants operated. [*Id.*]. In the case originating in this District, plaintiff Randy Branson filed suit "on behalf of himself and all others similarly-situated" in November 2019. [DE 1 at 1]. The first amended complaint, like the original complaint, asserted both a collective-action claim under the Fair Labor Standards Act ("FLSA") and a class-action claim under the Kentucky Wages and Hours Act ("KWHA"). [DE 23 at 464–66]. Consequently, this case has been litigated as a "hybrid" action. *See Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710, 721 n.7 (S.D. Ohio 2024). In 2021, the Court conditionally certified a FLSA collective, [DE 167],[3] then approved the parties' agreed opt-in notice and consent forms. [DE 176].

Settlement efforts began after years of "lengthy and contentious litigation and discovery" in the six separate lawsuits. [DE 340-1 at 4855]. The parties reached terms and executed an agreement in April 2024. [*Id.* at 4856]. That agreement led to the second amended complaint in this case, [DE 328], which "encompass[es] the claims asserted in the six Lawsuits" so that the parties may "efficiently seek approval of the Settlement in one venue." [DE 340-1 at 4854]. Defendants have consented to joining the cases here "for settlement purposes only." [*See* DE 329 at 4637]. The operative complaint includes collective-action claims under FLSA and several class-action wage and hour claims under state law. [DE 328 at 4578, 4605–14]. In light of the parties' apparent agreement, the Court has stayed all other aspects of the case. [DE 330].

The parties first jointly moved for settlement approval in May 2024. [DE 331]. Their agreement maintained the "hybrid" nature of this case: it defined a "Settlement Collective and Class," [DE 331-2 at 4688], which contained "approximately 6,667" members. [DE 331-1 at

---

[3] The order conditionally certifying a FLSA collective was entered in April 2021. Since then, for reasons discussed below, the Sixth Circuit has "reject[ed] [the] characterization of the notice determination as a 'certification.'" *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023).

2

4658]. But hybrid actions and settlements "present[] complex legal issues," *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 898 (6th Cir. 2019), because collective and class actions are "fundamentally different." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013). The Court therefore asked the parties to address several issues posed by their hybrid-settlement proposal, recognizing that the proposal well might have been "fair and reasonable in substance." [DE 337 at 4834]; *accord Gilstrap*, 734 F. Supp. 3d 710; *Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635 (W.D. Ky. 2022). The Court also suggested that "restructuring a Rule 23 class-action settlement might obviate many of th[os]e issues . . . while still releasing claims—including FLSA claims—that arise from the same underlying facts." [DE 337 at 4834]. After the parties provided a joint status report, [DE 338], the Court scheduled a status conference for June 26, 2025. [DE 339].

In response to the Court's order and concerns, the parties executed a "revised" agreement that would resolve this case with a straightforward Rule 23 class-action settlement. [*See* DE 340-1 at 4852]. Defendants have identified approximately 6,667 or 7,000 class members. [*Compare id.* at 4857, *with* DE 340-2 at 4888]. The parties define the "Settlement Class" as:

    i. All current and former non-exempt employees who performed work in the Commonwealth of Kentucky in underground mines or surface coal preparation plants owned or operated by Webster County Coal, LLC, River View Coal, LLC and/or Warrior Coal, LLC between November 4, 2014 and April 22, 2024 ("*Branson* Relevant Class Period");
    ii. All current and former non-exempt employees who performed work in the Commonwealth of Kentucky in underground mines or surface coal preparation plants owned or operated by Excel Mining, LLC and/or MC Mining, LLC between March 27, 2015 and April 22, 2024 ("*Brewer* Relevant Class Period");
    iii. All current and former non-exempt employees who performed work in the Commonwealth of Kentucky in underground mines or surface coal preparation plants owned or operated by Sebree Mining, LLC or Hopkins County Coal, LLC between June 24, 2015 and April 22, 2024 ("*Johnson* Relevant Class Period");

    iv. All current and former non-exempt employees who performed work in the State of Illinois in underground mines or surface coal preparation plants owned or operated by Hamilton County Coal, LLC or White County Coal, LLC between April 9, 2011 and April 22, 2024 ("*Cates* Relevant Class Period");

    v. All current and former non-exempt employees who performed work in the State of Indiana in underground mines or surface coal preparation plants at the Gibson North and Gibson South mines, and who were employed by Gibson County Coal, LLC between April 13, 2018 and April 22, 2024 ("*Prater* Relevant Class Period"); and

    vi. All persons who filed, prior to the date of execution of the Parties' Settlement Agreement, a consent to join in Rettig, from the date three years prior to the filing of each such consent, and all other current and former non-exempt employees who performed work in the State of West Virginia in underground mines or surface coal preparation plants owned or operated by Tunnel Ridge, LLC or Mettiki Coal (WV), LLC between April 1, 2021 and April 22, 2024 ("*Rettig* Relevant Class Period").

[DE 340-2 at 4888]. The settlement proposal includes a gross settlement amount of "$15,205,000.00 plus any interest earned." [*Id.* at 4885]. The parties have also "negotiated a separate release" for three individuals which covers both their class-action claims and certain individualized non-class claims that have not been litigated in this case. [DE 340-1 at 4861].

    Several aspects of the parties' settlement proposal were discussed at the June 26 status conference. [*See* DE 343]. Regarding the named Plaintiffs' proposed service awards of up to $15,000 each, [*see* DE 340-2 at 4894], counsel briefly described the steps that Plaintiffs have personally taken in prosecuting this case. Additionally, the Court highlighted two potential issues with the parties' proposed notice of settlement. [*See* DE 340-2 at 4921–28]; *accord* Fed. R. Civ. P. 23(c)(2)(B) ("[T]he court must direct . . . the best notice that is practicable under the circumstances."). First, the proposed notice did not disclose, as required, "that a class member may enter an appearance through an attorney if the member so desires." Fed. R. Civ. P. 23(c)(2)(B)(iv). Second, the proposed notice would have required any opting-out class member to mail "a written exclusion" to a Post Office box. [DE 340-2 at 4926]. An email option is generally preferable. *See Duffy v. Mazda Motor of Am., Inc.*, No. 3:24-cv-388-BJB, 2025 WL 517608, at *5–6 (W.D. Ky.

4

Feb. 17, 2025); *cf.* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment (encouraging email notices). Pursuant to the Court's instructions at the hearing, [*see* DE 343], the parties have submitted a revised proposed notice. [DE 344].

## II. STANDARD

The claims of a "class proposed to be certified for purposes of settlement" may be settled "only with the court's approval." Fed. R. Civ. P. 23(e); *see also Wayside Church v. Van Buren Cnty., Michigan*, 103 F.4th 1215, 1222 (6th Cir. 2024). Under Rule 23(e), "class action settlement approval involves a three-step process": (1) "preliminary approval of the proposed settlement," (2) "notice of the settlement to all affected class members," and (3) a "final approval hearing." *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 620 (E.D. Mich. 2020) (quotation mark omitted); *see also Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 270 (E.D. Ky. 2009) (citing *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier,* 262 F.3d 559, 565–66 (6th Cir. 2001)).

This case has reached the first step. The parties must "show[] that the court will likely be able to" both (1) approve the proposed settlement as "fair, reasonable, and adequate" and (2) "certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)–(2). "[I]f giving notice is justified by the parties' showing," the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). At step two, after receiving notice, "[a]ny class member may object to the proposal." Fed. R. Civ. P. 23(e)(5)(A). At step three, a hearing must take place before the Court finally approves any class-action settlement. Fed. R. Civ. P. 23(e)(2).

## III. ANALYSIS

The parties' renewed joint motion asks the Court to (1) preliminarily approve the settlement proposal, (2) "preliminarily certify[] the Settlement Class," (3) preliminarily appoint all existing Plaintiffs as class representatives and appoint class counsel, (4) appoint "Simpluris" as settlement

5

administrator, (5) approve the parties' proposed notice of settlement, (6) schedule a final settlement approval hearing, and (7) calendar other relevant deadlines. [DE 340 at 4840–42]. Notably, the parties' proposal also provides for "service awards of $15,000 to each Named Plaintiff for their service to the Settlement Class in bringing and prosecuting the Lawsuits." [*See id.* at 4858].

### A. Preliminary Approval of Proposed Settlement

At this stage, "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). Notice will be given if the parties can show "that the court will likely be able to" (1) "approve the proposal under Rule 23(e)(2)" and (2) "certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

#### 1. *Likelihood of Approval Under Rule 23(e)(2)*

The parties assert that their settlement proposal should be preliminarily approved. [DE 340-1 at 4866]; *accord* Fed. R. Civ. P. 23(e)(1)(B)(i). Ultimately, "the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering" several factors. Fed. R. Civ. P. 23(e)(2). Rule 23 provides "the primary framework" for making that determination. *Garner Props. & Mgmt.*, 333 F.R.D. at 621 n.4 (discussing Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment). The Court must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate . . . and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). "Further, under a prior version of the Rule, the Sixth Circuit identified additional considerations that guide the inquiry into whether a class settlement is fair, reasonable, and adequate." *McKnight v. Erico Int'l Corp.*, 655 F. Supp. 3d 645, 655 (N.D. Ohio 2023) (citing *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016)). The Sixth Circuit factors are:

6

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). These factors still may be considered as well. *Garner Props. & Mgmt.*, 333 F.R.D. at 621 n.4.

But "[t]he question at the preliminary-approval stage is simply whether the settlement is fair enough to begin the class-notice process." *Strano v. Kiplinger Washington Eds., Inc.*, 649 F. Supp. 3d 546, 553 (E.D. Mich. 2023) (*Strano II*) (quotation marks omitted). "[S]ubstantial judicial processes . . . remain to test the assumptions and representations upon which the parties' [proposal is] premised." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 338 (N.D. Ohio 2001). A settlement proposal "warrants preliminary approval if it is within the range of what ultimately could be considered fair, reasonable, and adequate—a determination left to the sound discretion of the Court." *Bowling v. Pfizer*, 144 F. Supp. 3d 945, 952 (S.D. Ohio 2015).

The parties' settlement proposal falls within the range of what likely could be considered "fair, reasonable, and adequate" under Rule 23(e)(2). As their joint motion points out, "the proposed Settlement was negotiated at arm's length through an independent mediator." [DE 340-1 at 4867]. And "when a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair." *Inter-Op Hip Prosthesis*, 204 F.R.D. at 351. Additionally, the negotiated fee for class counsel is "one-third of the Gross Settlement Amount," which is within an acceptable range. [DE 340-1 at 4867]. Furthermore, the proposal appears to adequately compensate putative class members, taking their differences into account. Not all putative class members performed identical work; different members' claims are covered by different states' laws; and Plaintiffs "who filed [FLSA opt-in] consents have asserted an additional claim beyond

7

the claims held by class members who did not filed consents," suggesting that some disparity in settlement payments could be warranted. [*Id.* at 4868–69 (footnote omitted)]. In short, the parties' proposal "is fair enough to begin the class-notice process." *Strano II*, 649 F. Supp. 3d at 553.

However, at least one question remains. The settlement proposal permits all 13 named Plaintiffs to "apply to the Court for a Service Award of up to $15,000 each for the services they rendered to the Settlement Class in bringing and prosecuting the Lawsuits." [DE 340-2 at 4894]. Service awards are not prohibited within the Sixth Circuit, and "district courts have authorized service awards based on class representatives' procured benefits, financial risks, and time expended." *McKnight*, 655 F. Supp. 3d at 669. But sizable awards of $15,000 might reflect inequitable or preferential treatment to the named representatives' benefit. *See In re Dry Max Pampers Litig.*, 724 F.3d 713, 722 (6th Cir. 2013); *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 755 (6th Cir. 2013). Relevant considerations include the extent of Plaintiffs' personal involvement in litigating these cases and the proportionality of the service awards to other class members' recoveries. *See Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003); *Strano v. Kiplinger Washington Eds., Inc.*, 646 F. Supp. 3d 909, 913 (E.D. Mich. 2022) (*Strano I*). At the June 26 status conference, Plaintiffs' counsel asserted that the proposed 13 service awards of $15,000 each are justified because the named Plaintiffs have personally participated in discovery, including depositions, and maintained communication with putative class members. Counsel also noted the substantial length and effort of this litigation, the size of the settlement, and the potential risk to the named Plaintiffs' reputations for being publicly named in this case. [*See* DE 343]. As counsel recognized on June 26, this issue "will merit more consideration at the final fairness hearing." *See Duffy*, 2025 WL 517608, at *3.

8

### 2. *Likelihood of Class Certification*

The parties assert that a class should be "preliminarily certified" "for settlement purposes only." [DE 340-1 at 4862]; *accord* Fed. R. Civ. P. 23(e)(1)(B)(ii). Defendants assert that they will oppose certification, as well as "the merits" and "other things," if the instant settlement proposal falls through. [DE 340-1 at 4865]. No party has moved the Court to ultimately certify a class.

"To be certified, a class must satisfy all four of the Rule 23(a) prerequisites—numerosity, commonality, typicality, and adequate representation—and fall within one of the three types of class actions listed in Rule 23(b)." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). On the second point, the parties here point to Rule 23(b)(3), which requires (1) "that the questions of law or fact common to class members predominate over any questions affecting only individual members" and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "Predominance is satisfied if the Class's individual questions of law or fact 'are sufficiently cohesive to warrant adjudication by representation.'" *Strano II*, 649 F. Supp. 3d at 555 (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997)). "The superiority requirement . . . is met if the class action is a better way than individual litigation to adjudicate a claim." *Calloway v. Caraco Pharm. Lab'ys, Ltd.*, 287 F.R.D. 402, 407 (E.D. Mich. 2012) (citing *Daffin v. Ford Motor Co.,* 458 F.3d 549, 554 (6th Cir. 2006)).

"A district court may certify a class only if it 'is satisfied, after a rigorous analysis,' that the requirements of Rule 23(a) and (b) 'have been satisfied.'" *Wayside Church*, 103 F.4th at 1222 (quoting *Gen. Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). "Moreover, some of those requirements 'demand undiluted, even heightened, attention in the settlement context.'" *Id.* (quoting *Amchem Prods.*, 521 U.S. at 620). But at this preliminary stage, rigorous analysis under Rule 23(a)–(b) is not necessary. *See id.* at 1222–23 (noting that "orders entered under Rule 23(e)(1)

. . . often contain little or no analysis concerning the requirements of Rule 23(a) and (b)"). The question is simply whether "the court will likely be able to . . . certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). This is part of the Court's "preliminary determination (as to certification of a class and approval of a proposed settlement)." *Wayside Church*, 103 F.4th at 1222; *see also* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment (encouraging the simultaneous "preliminary approval" of both "the prospect of class certification" and "the proposed settlement").

The record indicates that the Court likely will be able to certify the class of coal miners. "[T]here is no strict numerical test" for numerosity, *Daffin*, 458 F.3d at 552, but 6,667 class members or more certainly suffices. *Compare with Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974) (35 class members). Commonality "requires 'a common contention' that, if resolved, would resolve claims of all class members 'in one stroke.'" *Strano II*, 649 F. Supp. 3d at 554 (quoting *Wal-Mart Stores*, 564 U.S. at 350). Here, Plaintiffs allege unlawful "uniform practice[s]," common among Defendants, on at least two points: failure to pay for pre- and post-shift work and failure to incorporate bonuses into regular pay rates for purposes of overtime. [DE 340-1 at 4863]. "A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quotation marks omitted). Here, Plaintiffs' claims arise from the same course of alleged nonpayment as the other putative class members' claims, and while different class members' claims arise under four different states' wage and hour laws, there are Plaintiffs to serve as class representatives from each state. [DE 328 at 4578, 4605–14]. And finally, "[t]here are two criteria for determining whether the representation of the class will be adequate: 1) The representative

must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524–25 (6th Cir. 1976), *quoted in Vassalle*, 708 F.3d at 757. The Court has no reason at this time to doubt Plaintiffs or their counsel on either criterium.

\* \* \*

In sum, because it appears "that the court will likely be able to" approve the proposed settlement as "fair, reasonable, and adequate" and "certify the class for purposes of judgment on the proposal," "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." *See* Fed. R. Civ. P. 23(e)(1)–(2).

### B. Notice to Putative Class Members

The parties ask the Court to approve their proposed notice plan. [DE 340-1 at 4875]. "After preliminarily approving a settlement, the court must direct notice of the proposed settlement to all class members who would be bound by the proposal." *Strano II*, 649 F. Supp. 3d at 560 (citing Fed. R. Civ. P. 23(e)(1)(B)). Here, because the putative class is a Rule 23(b)(3) class, "notice must be 'the best notice practicable' and include 'individual notice to all members who can be identified through reasonable effort.'" *Id.* (quoting Fed. R. Civ. P. 23(c)(2)(B)). Additionally:

> The notice must clearly and concisely state in plain, easily understood language:
>   (i) the nature of the action;
>   (ii) the definition of the class certified;
>   (iii) the class claims, issues, or defenses;
>   (iv) that a class member may enter an appearance through an attorney if the member so desires;
>   (v) that the court will exclude from the class any member who requests exclusion;
>   (vi) the time and manner for requesting exclusion; and
>   (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). As noted above, at the June 26 status conference, the Court addressed two issues with the parties' former proposed notice. [*See* DE 343]. The parties remediated those

concerns by revising and resubmitting their proposed notice. [*See* DE 344]. The revised proposed notice informs recipients that they may retain and appear through their own counsel. [DE 344-1 at 5060]; *accord* Fed. R. Civ. P. 23(c)(2)(B)(iv). It also permits recipients to opt out of the settlement via email. [*Id.* at 5058–59]; *accord Duffy*, 2025 WL 517608, at *5–6.

The Court finds that the revised proposed notice complies with Rule 23(c)(2)(B). It is therefore approved. For settlement administrator, the parties propose "Simpluris," "an independent and experienced third-party notice and claims administration company." [DE 340-1 at 4853, 4876]. "[T]he use of class notice experts or professional claims administrators" is generally encouraged. *See* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment; *e.g.*, *Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008). Simpluris "will mail and email the Notice to each of the members of the Settlement Class, based on the employment records of the Defendants." [DE 340-1 at 4876].

### C. Class Counsel

The parties' joint motion asks the Court to appoint Plaintiffs' counsel as class counsel and to further appoint some of Plaintiffs' counsel as lead class counsel. [DE 340-1 at 4874]. Generally, "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). To be appointed, an applicant must be "adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2); *see also Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, 659 (S.D. Ohio 2017). Rule 23(g)(1) outlines certain criteria for evaluating an applicant, while Rule 23(g)(4) instructs that "[c]lass counsel must fairly and adequately represent the interests of the class."

But importantly, "[i]n putative class actions, a class comes into existence only when the court actually certifies one in an order entered under Civil Rule 23(c)." *Wayside Church*, 103 F.4th at 1217. "[A] Rule 23(e)(1) order is a determination whether to send notice of a *proposed* settlement to a *proposed* class." *Id.* at 1222 (emphases added). "What a Rule 23(e)(1) order does not do is actually certify a proposed class." *Id.* While Rule 23(e)(1) calls for "preliminary

approval" of a proposed class, "[t]he *ultimate* decision to certify the class for purposes of settlement cannot be made until the hearing on final approval of the proposed settlement."[4] Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment (emphasis added); *see also In re Flint Water Cases*, 499 F. Supp. 3d 399, 418 (E.D. Mich. 2021) (noting that after preliminary approval, certification is "still subject to the Court's final approval at a later date").

This order preliminarily approves the parties' proposed class and settlement proposal, but it does not truly certify a class. Plaintiffs' counsel therefore cannot truly become class counsel or lead class counsel at this stage. *See Wayside Church*, 103 F.4th at 1223 ("[U]pon entry of the district court's 23(e)(1) order, 'class counsel' was only plaintiffs' counsel."). The Court will ultimately address class certification under Rule 23(a)–(c) and appointment of class counsel under Rule 23(g) at the final approval hearing. *See Wayside Church*, 103 F.4th at 1222; *see also* Fed. R. Civ. P. 23(e)(1)(B)(ii).

### D. Class Representatives

The parties assert that Plaintiffs should be appointed to serve as class representatives. [DE 340-1 at 4875]. However, their joint motion does not identify any legal basis for Court appointment of a class representative in this case. Plaintiffs, as the named plaintiffs in this litigation, already are the putative class's representatives. *See* Fed. R. Civ. P. 23(a)(4). At the notice stage of this settlement process, class members will have an "opportunity to signify whether they consider the representation fair and adequate." *See* Fed. R. Civ. P. 23(d)(B)(iii). But no such challenges exist at this time regarding Plaintiffs' representation of the putative class.

---

[4] Rule 23 also previously allowed for "conditional" class certification, but that provision has been deleted. "A court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met." Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment.

## IV. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the parties' joint motion [DE 340] is **GRANTED in part** and **DENIED in part**:

- The parties' settlement proposal is **PRELIMINARILY APPROVED**. The proposed settlement class is:

    i. All current and former non-exempt employees who performed work in the Commonwealth of Kentucky in underground mines or surface coal preparation plants owned or operated by Webster County Coal, LLC, River View Coal, LLC and/or Warrior Coal, LLC between November 4, 2014 and April 22, 2024 ("*Branson* Relevant Class Period");
    ii. All current and former non-exempt employees who performed work in the Commonwealth of Kentucky in underground mines or surface coal preparation plants owned or operated by Excel Mining, LLC and/or MC Mining, LLC between March 27, 2015 and April 22, 2024 ("*Brewer* Relevant Class Period");
    iii. All current and former non-exempt employees who performed work in the Commonwealth of Kentucky in underground mines or surface coal preparation plants owned or operated by Sebree Mining, LLC or Hopkins County Coal, LLC between June 24, 2015 and April 22, 2024 ("*Johnson* Relevant Class Period");
    iv. All current and former non-exempt employees who performed work in the State of Illinois in underground mines or surface coal preparation plants owned or operated by Hamilton County Coal, LLC or White County Coal, LLC between April 9, 2011 and April 22, 2024 ("*Cates* Relevant Class Period");
    v. All current and former non-exempt employees who performed work in the State of Indiana in underground mines or surface coal preparation plants at the Gibson North and Gibson South mines, and who were employed by Gibson County Coal, LLC between April 13, 2018 and April 22, 2024 ("*Prater* Relevant Class Period"); and
    vi. All persons who filed, prior to the date of execution of the Parties' Settlement Agreement, a consent to join in Rettig, from the date three years prior to the filing of each such consent, and all other current and former non-exempt employees who performed work in the State of West Virginia in underground mines or surface coal preparation plants owned or operated by Tunnel Ridge, LLC or Mettiki Coal (WV), LLC between April 1, 2021 and April 22, 2024 ("*Rettig* Relevant Class Period").

    [DE 340-2 at 4888].

- Defendants **SHALL** provide Simpluris and Plaintiffs' counsel with settlement class contact information and serve any outstanding Class Action Fairness Act ("CAFA") notices within **ten (10) days** of this order's entry.

- The revised proposed notice of settlement [DE 344-1] is **APPROVED**. Simpluris is appointed as settlement administrator and **SHALL** perform the duties and tasks assigned to the settlement administrator in the parties' settlement agreement. Simpluris **SHALL** distribute the notices within **twenty (20) days** of this order's entry.

- Plaintiffs **SHALL** move for approval of attorney's fees, costs, and service awards no later than **ten (10) days** before the settlement objection and opt-out deadline.

- The parties **SHALL** move for final approval of class action settlement no later than **ten (10) days** before this case's final approval hearing.

- The final approval hearing remains scheduled for **October 23, 2025 at 2:00 p.m. CDT** at the U.S. Courthouse, Owensboro, Kentucky. [DE 343].

- All matters in this case other than those relating to settlement approval remain stayed. [DE 330].

July 10, 2025

Rebecca Grady Jennings, District Judge
United States District Court