UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

RANDY BRANSON, *et al.*     Plaintiffs

v.     Case No. 4:19-cv-155-RGJ-HBB

ALLIANCE COAL, LLC, *et al.*     Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Plaintiffs' Unopposed Renewed Motion for Litigation Expenses. [DE 355]. This matter is ripe. For the reasons below, Plaintiffs' motion [DE 355] is **GRANTED**.

In the Memorandum Opinion and Order entered on November 3, 2025, the Court granted the Parties' joint motion for final approval of the Settlement [DE 350] and granted in part and denied in part Plaintiffs' motion for fees, costs, and service awards [DE 349]. [*See* DE 353]. Specifically, the Court denied Plaintiffs' request for costs based upon the current record and directed that "Plaintiffs may move again for costs and should provide appropriate documentation, including expense reports, sufficient to show that the requested reimbursement is reasonable." [*Id.* at 5503].

Pursuant to Fed. R. Civ. P. 23(h), a federal court may award reasonable costs, and courts in the Sixth Circuit routinely order reimbursement of out-of-pocket costs in the context of class action settlements under the common fund doctrine. *See, e.g., In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 535 (E.D. Mich. 2003) ("[C]lass counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and settlement, including expenses incurred in connection with document production, consulting with experts and

1

consultants, travel and other litigation-related expenses."). Such reimbursable litigation costs "generally include 'reasonable expenses normally charged to a fee paying client,' such as photocopying, travel, paralegal, computer research, and postage expenses." *In re Amazon.com, Inc., Fulfillment Ctr. Fair Lab. Standards Act (FLSA) & Wage & Hour Litig.*, No. 3:14-cv-290-DJH, 2016 WL 9558953, at *5 (W.D. Ky. Oct. 31, 2016) (citing NEWBERG ON CLASS ACTION § 16:5). *See also In re Cardizem CD Antitrust Litig.*, 218 F.R.D. at 535 (courts consider "whether the particular costs are the type routinely billed by attorneys to paying clients in similar cases").

Here, Plaintiffs' renewed motion includes supplemental declarations that "all attest that all the expenses incurred were reasonable and necessary to the prosecution of this Action, are reflected in the books and records of each firm, and are what would normally be charged to a fee-paying client." [DE 355 at 5523; *see also* DE 355-1; DE 355-2; DE 355-3; DE 355-4; DE 355-5; DE 355-6]. Plaintiffs provided the total costs incurred in the prosecution of this matter, broken down by category, including: "Transcripts/Deposition/Discovery," "Expert/Consultant Fees," "Mediation Fees," "Computer Research," "Travel," "Copying and Printing," "Filing and Misc. Fees," "Postage and Delivery," "Data Hosting," and "Telephone." [DE 355-1 at 5527]. Courts routinely approve the recovery of similarly well-documented expenses. *See, e.g., In re Fam. Dollar Stores, Inc., Pest Infestation Litig.*, No. 2:22-MD-3032-SHL-TMP, 2024 WL 2000059, at *7 (W.D. Tenn. May 6, 2024) (approving reimbursement of litigation expenses of $247,589.77, including for: "1) meals, hotels, and transportation; 2) filing fees, service, and court fees; 3) Federal Express, local carrier, postage, and calls; 4) photocopying; 5) temporary professionals; 6) witness/service fees; 7) computer research; 8) scans, Pacer, and experts; and 9) litigation fund expenses"); *Smith v. FirstEnergy Corp.*, No. 2:20-cv-3755, 2022 WL 22691867, at *13 (S.D. Ohio Dec. 5, 2022)

(approving reimbursement for out-of-pocket costs "related to court filing fees, legal research, mediation, photocopies, postage, process server fees, and necessary travel"; holding that: "[T]hese costs are reasonable and were necessary in connection with litigating and resolving this case. They are also the type of costs that are reimbursable."); *Myers v. Mem'l Health Sys. Marietta Mem'l Hosp.*, No. 15-cv-2956, 2022 WL 4079559, at *7 (S.D. Ohio Sept. 6, 2022) ("The Court awards Class Counsel's $174,613.87 request for out-of-pocket costs incurred in litigation because those costs were necessary to litigate this case. This included costs for expert witnesses, court filing fees, legal research, mediation, photocopies, postage, process service, deposition expenses, and travel expenses."). Moreover, Plaintiffs' renewed motion remains unopposed and the requested reimbursement of up to $375,000 was included in the Court-approved Notice, and no Settlement Class Member objected.

Accordingly, the Court finds that the documented litigation expenses of $309,325.46 were reasonable and necessary to the prosecution of this action and **GRANTS** Plaintiffs' Unopposed Renewed Motion for Litigation Expenses [DE 355].

**IT IS SO ORDERED.**

Rebecca Grady Jennings, District Judge
United States District Court

November 20, 2025

Cc:   Counsel of record